UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ALLIANCE GROUND INTERNATIONAL, LLC ) ) Defendant. ) ) | **Civil Action No. 18 cv 6598** **COMPLAINT** **JURY TRIAL DEMANDED** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), to correct unlawful employment practices on the bases of sex (female) and retaliation, and to provide appropriate relief to Nydia Josten ("Josten") and a class of employees who were adversely affected by such practices.

As alleged with greater particularity below, Defendant Alliance Ground International LLC ("Defendant" or "Alliance Ground") discriminated against Josten and a class of employees who worked at Defendant's cargo handling company at O'Hare International Airport ("O'Hare") by subjecting them to sexual harassment and by failing to act reasonably to prevent or remedy the harassment. The Commission further alleges that Defendant terminated Filip Stroe in retaliation for his complaints about the sex harassment and for his protected opposition to Defendant's unlawful employment practices, in violation of Title VII.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instated pursuant to Sections 706 (f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("The Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (h), and (h).

## ADMINSTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Nydia Josten filed a charge with The Commission alleging violations of Title VII by Defendant Alliance Ground.

7. On July 13, 2018, The Commission found reasonable cause to determine that Alliance Ground violated Title VII by discriminating against a class of individuals, including Charging Party Josten, because of their sex, female, by subjecting them to sexual harassment, and by retaliating against individuals for engaging in activity protected by Title VII. The Commission

invited Alliance Ground to engage with The Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Alliance Ground to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination

9. By Letter dated August 5, 2018, the Commission informed Alliance Ground that it was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been filled.

## STATEMENT OF CLAIMS

11. Since at least October 2014, Alliance Ground has engaged in unlawful employment practices at its O'Hare location, in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-(2)(a)(1).

a. These practices included, but are not limited to, sexually harassing Josten and a class of employees by subjecting them to a hostile work environment based on their sex that included unwelcome and offensive sexual touching and comments by Paul Smith ("Smith"), Josten's direct supervisor.

b. Alliance Ground knew about the harassment and failed either to prevent or to remedy it. Although Alliance Ground was on notice, its response to the multiple complaints about Smith's behavior was inadequate to such an extent that it allowed Smith to continue sexually harassing employees.

12. On September 15, 2015, Alliance Ground engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000(2)-3(a), by terminating Stroe's employment for engaging in protected opposition to unlawful employment practices. Two weeks prior to his termination, Stroe complained by email to Alliance Ground's Human Resources

department that he had personally witnessed Smith harassing multiple women. Alliance Ground retained other employees with similar or worse performance who had not engaged in protected activity.

13. The effect of the practices complained of in paragraphs 11 and 12 above has been to deprive Josten and a class of similarly situated employees of equal opportunities and otherwise adversely affect their status as employees because of their sex and to deprive Stroe of equal employment opportunities in retaliation for engaging in protected activity.

14. The unlawful employment practices complained of in paragraphs 11 and 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 11 and 12 above were done with malice or with reckless indifference to the federally protected rights of Josten and a class of employees and of Stroe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this court:

A. Grant a permanent injunction enjoining Defendant, its officer, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officer, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex and those who engage

in protected opposition under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Nydia Josten and a class of employees and Filip Stroe by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

E. Order Defendant to make whole Josten and a class of employees, and Filip Stroe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 and 12, in amounts to be determined at trial.

F. Order Defendant to make whole Josten and a class of employees, and Filip Stroe by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 and 12, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

G. Order Defendant to pay Josten and a class of employees, and Filip Stroe punitive damages for its malicious and reckless conduct, as described in paragraphs 11 and 12 above, in amounts to be determined at trial.

H. Grant such relief as the court deems necessary and proper in the public interest

I. Award the commission its costs of this action

<u>JURY TRIAL DEMANDED</u>

The commission requests a jury trial on all questions of fact raised by its complaint.

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    U.S. Equal Employment Opportunity Commission

131 M. Street N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney

DEBORAH HAMILTON
Supervisory Trial Attorney

/s/ Jonathan Delozano
Trial Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street Suite 2000
Chicago Illinois 60661
(312)869-8106
jonathan.delozano@eeoc.gov
ARDC: 6320524